82   607<br>117   684

[No. 20569.   Department One. — January 29, 1890.]

THE PEOPLE, APPELLANT, *v.* K. C. NAYLOR, RESPONDENT.

CRIMINAL LAW — PERJURY — OMITTING CREDITOR COLLUSIVELY FROM INSOLVENT'S VERIFIED SCHEDULE — SUFFICIENCY OF INFORMATION. — An information charging an insolvent with the crime of perjury, committed by willfully, corruptly, and collusively omitting a certain creditor by agreement from the verified inventory required by law to be made as part of his assignment in insolvency, and which was filed in the proper public office, and falsely swearing before the proper officer, in an affidavit attached to the inventory and filed with it, that the inventory was just and true, when he well knew it to be false and corrupt, and charging

that the matter falsely sworn to was material, is sufficient. It is only required, under section 123 of the Penal Code, to show that the false oath might have been used to affect the proceeding in which it was made, and the allegation that the false oath was material might be sustained by proof of an agreement to prefer such creditor with concealed assets, to the detriment of other creditors.

Appeal from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion.

*Attorney-General Johnson,* and *Hunsaker & Britt,* for Appellant.

*Luce, McDonald & Torrance,* and *George W. Hardacre,* for Respondent.

Foote, C.—The defendant was accused by an information of perjury. A demurrer was interposed on the ground that the information did not substantially conform to sections 950, 951, and 952 of the Penal Code; that it did not state facts sufficient to constitute a public offense. The demurrer was sustained, and from the judgment rendered the people appeal.

The sections of the code, with which it is alleged the information does not comply, contain a few plain rules tending to simplify the method of charging offenses by information or indictment. The information in question, taking it in its entirety, seems to charge that the defendant has committed perjury by corruptly and collusively (through an agreement with a certain creditor named Foss) omitting such creditor from the inventory which the law required him to make as a part of his assignment as an insolvent, under title 3, part 2, division 4, of the Civil Code, which inventory was filed in the proper public office, and sworn to by affidavit in due form before the proper officer, which was attached to the inventory and filed with it, and which affidavit was false, in that the defendant swore in it that his inventory was

"just and true," when he well knew it to be false and corrupt.

The law required that all creditors of the insolvent should *be shown* by the inventory, and that the oath that it was "true and correct" should be taken, annexed to, and filed with the inventory. If, then, such an inventory was prepared which purported to show all the defendant's creditors, and it was sworn to as "just and true," annexed and filed as required, and a collusive agreement had been entered into by which the creditor was omitted from the inventory, and the oath was false, it would appear that the defendant was charged properly with perjury, if it was further charged that the false oath was as to a material matter. It is charged that the matter falsely sworn to was material, but the defendant claims that the fact that Foss was a creditor, and was omitted from the inventory by his consent, would render the omission immaterial; that Foss could not profit by it as against other creditors, and that they would not suffer by reason of such omission.

It may be remarked, in passing, that this kind of argument admits that the information shows that there were other creditors named in the inventory, and this nullifies the defendant's contention, viz., that it does not appear from the information that he is charged with having made such an inventory as purported to show all his creditors as the law requires, because from the information it does not appear that he had any other creditor than Foss.

But conceding without deciding that the matter about which the false oath was taken is not alleged in the information as in itself alone material to affect the proceeding, yet it does appear in the pleading that it might affect such proceeding, because if a creditor collude with the insolvent to have his name omitted from the inventory as a creditor, it would probably appear upon the trial that he did so because the debtor was concealing

some of his property, which this créditor was aware of, and the agreement to omit might be shown to carry with it and include a promise to pay the creditor in full if he would permit the assignment as to other creditors to become effectual, and the debtor released by paying them a part only of their debts, or the taking of any other such unjust advantage might be shown to be in contemplation, the unfairness and fraud of which would defeat the assignment. In this point of view the allegation is sufficient to be within the provisions of section 123 of the Penal Code.

In all necessary respects we think there can be no doubt but that the information is sufficiently full in its allegations. It does not appear from it, that it is not within the power of the defendant easily to understand and appreciate that he is accused of perjury in this: that he filed an inventory which purported to comply in all respects with a certain law (Civ. Code, sec. 3461), which law requires, among other things, that the inventory shall show all his creditors; that such showing in the inventory omitted therefrom a creditor, one Foss; that this omission was willfully and collusively done; that the defendant then filed the inventory containing this false statement in the proper public office, with an affidavit attached, in which he swore that the inventory was "just and true" (Civ. Code, sec. 3462), well knowing that what he swore to was false and corrupt. This, we think, was amply sufficient to make him know and understand that he was charged with willfully, corruptly, and falsely swearing to a matter which was material in the proceedings of his assignment as an insolvent.

We think the information was sufficient, and advise that the judgment be reversed.

Gibson, C., and Vancliff, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment is reversed.