[Crim. No. 294.    Department One.—September 3, 1897.]

THE PEOPLE, RESPONDENT, v. WILLIAM ROBLES, APPELLANT.

CRIMINAL LAW — PERJURY—MAKING FALSE AFFIDAVIT — DELIVERY FOR USE—INSUFFICIENT INDICTMENT.—Before a party can be convicted of perjury in making a false affidavit, he must either use the affidavit for a purpose contemplated by section 118 of the Penal Code, or deliver it to some one for such use; and an indictment which merely shows that a false affidavit made by the defendant was used by another person on a motion for a new trial, without averring that the defendant so used it, or delivered it for such use, or that it was delivered by defendant to another person with the intent that it be uttered or published as true, does not state facts sufficient to constitute the offense of perjury.

ID.—INFERENCES OF FACT CANNOT AID INDICTMENT — DEMURRER. — Although, as matter of evidence, inferences of fact and presumptions of fact may be drawn by a jury from circumstances indicating the defendant's guilt, yet no inferences of facts not alleged can be invoked to aid an indictment, which must charge the crime in words, and which is demurrable if it omits to charge it in express terms.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. WILLIAM T. WALLACE, Judge.

The facts are stated in the opinion of the court.

*A. S. Newburgh,* and *Leon E.Prescott,* for Appellant.

The indictment is insufficient. (Penal Code, secs. 118, 950, 952.) The indictment must charge both the crime and all the acts constituting it, and the omission of either is fatal. (*People* v. *Neil,* 91 Cal. 465; *People* v. *McKenna,* 81 Cal. 159; *People* v. *Dumar,* 106 N. Y. 502; *People* v. *Lloyd,* 9 Cal. 54; *People* v. *Swenson,* 49 Cal. 388; *Ortner* v. *People,* 4 Hun, 323; *United States* v. *Hess,* 124 U. S. 486; *People* v. *Albon,* 140 N. Y. 130; *People* v. *Stark,* 136 N. Y. 541; *People* v. *Allen,* 9 N. Y. 623.) Inferences cannot aid in indictments. (*People* v. *Albon, supra; United States* v. *Hess, supra; People* v. *Ward,* 110 Cal. 369; *People* v. *Dunlap,* 113 Cal. 72; *State* v. *Camp-*

*bell*, 29 Tex. 44; 94 Am. Dec. 251; *Deckard* v. *State*, 38 Md. 201; *State* v. *Powell*, 28 Tex. 626.)

*W. F. Fitzgerald, Attorney General*, and *Charles H. Jackson, Deputy Attorney General*, for Respondent.

The indictment follows closely the language of the statute, and is therefore sufficient. (*People* v. *Harrold*, 84 Cal. 569; *People* v. *Russell*, 81 Cal. 616; *People* v. *Mahlman*, 82 Cal. 585; *People* v. *Savercool*, 81 Cal. 650; *People* v. *Rogers*, 81 Cal. 209; *People* v. *Forney*, 81 Cal. 118; *People* v. *Naylor*, 82 Cal. 608.) Section 966 of the Penal Code was carefully followed in drawing the indictment. (*People* v. *Mahlman, supra.*)

GAROUTTE, J.—Defendant has been convicted of the crime of perjury, and appeals from the judgment and order denying his motion for a new trial. He has attacked the sufficiency of the indictment both by demurrer and motion in arrest of judgment, and to that attack we will address our attention.

As appears by the indictment, one Abbott was convicted of grand larceny. She moved for a new trial upon the ground of newly discovered evidence. At the hearing of the motion her counsel used the affidavit of this defendant, which was sworn to by him before a party duly authorized to administer oaths. By this affidavit defendant declared that Abbott was not the party who committed the crime, and that he (defendant) was such party. It is further alleged that he made this false affidavit in the action and proceeding entitled *The People of the State of California* v. *Aggie Abbott.*

Before a party may be convicted of perjury in making a false affidavit, he must either use the affidavit for a purpose contemplated by section 118 of the Penal Code, or deliver it to some one for such use. This principle of law is recognized and declared by section 124 of the chapter of the Penal Code bearing upon the crime of perjury, where it is declared: "The making of a deposition or certificate is deemed to be complete,

within the provisions of this chapter, from the time when it is delivered by the accused to any other person with the intent that it be uttered or published as true." The word " deposition" here used includes " affidavit." In effect this section declares that an affidavit will not support a charge of perjury until it has been delivered by the accused with intent to be uttered as true. The soundness of this doctrine is fully recognized by the trial court, for the jury were told as a matter of law, before retiring to deliberate upon a verdict, "unless the accused after making the affidavit, if he did make it, delivered it to the deputy clerk who administered the oath, or permitted the deputy clerk to take it away with the intent on the part of the accused that it be presented to the court and used in behalf of Aggie Abbott in support of her motion for a new trial, the defendant cannot be convicted. It is my duty to state to you that under the statute, even if he made that affidavit before the officer and then kept the paper in his possession, he cannot be convicted of the crime of perjury; and so before you convict him you must be satisfied, among other things, that he allowed the officer to take the affidavit away; delivered it to him, either formally or in the sense of allowing him to take it away for the purpose of being used in support of the motion for a new trial. He must have so delivered it to the clerk, put it out of his power and custody into the custody of the clerk, or of some one else, for the purpose of being used in support of that motion for a new trial."

The indictment cannot stand the test when tried by the principle of law here declared. It does not charge facts sufficient to constitute the offense. Evidence establishing the facts stated in the indictment would not prove defendant's guilt. The fact that the affidavit was used by the attorney of Abbott upon the hearing of the motion adds no strength to the pleading. Perchance it was purloined for the purpose. There is nothing in the pleading to indicate that it was so used at the request or with the consent of this defendant. Perhaps it was

never intended to be so used. Perhaps it was used under objection and protest of the defendant. As matter of evidence, inferences and presumptions of fact might be drawn by a jury from all the circumstances surrounding the making of the affidavit clearly indicating defendant's guilt, and such inferences and presumptions of fact be entirely justified. But we are now dealing with the question as matter of law; we are testing the sufficiency of the pleading in the light of law, and under such circumstances may not be aided by presumptions and inferences. The indictment must charge a crime in words; inferences cannot be invoked to aid its sufficiency. Here the indictment only charges the making of the false affidavit; it does not charge enough. It should have declared that the affidavit was delivered with the intent that it be uttered and published as true. Such a statement in the pleading is just as necessary as to charge that the affidavit was made by the accused, or that it was false; if it were possible, more necessary, for while the affidavit remains in the hands of the accused no mischief is done. It is only when it leaves his hands that evil results follow. Hence the law says there is no crime until that event takss place. The attorney general cites *People* v. *Naylor*, 82 Cal. 607, as contrary to these conclusions, but such is not the fact. No question of the delivery of the petition and schedules in insolvency was there involved. Upon the contrary, it does appear that such petition and schedules were filed. If the indictment had failed to state that they had been filed, a charge of perjury in that case could not have stood.

For the foregoing reasons the judgment and order are reversed and the cause remanded.

Van Fleet, J., and Harrison, J., concurred.