[No. B147822. Second Dist., Div. Six. June 13, 2001.]

CHRISTOPHER CHARLES COLLINS, Petitioner, v.
THE SUPERIOR COURT OF VENTURA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Kenneth I. Clayman, Public Defender, and Michael C. McMahon, Chief Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Michael D. Bradbury, District Attorney, Terence M. Kilbride and Michael D. Schwartz, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**PERREN, J.**—A party testified falsely while under oath at his deposition. The original transcript of the deposition, unseen by the deponent, is sent to his counsel where it remains. Here we conclude that, although the testimony purportedly was false, it was contained in a document that was yet to be delivered and, therefore, did not constitute perjury in violation of Penal Code section 118.[1] We issue a writ of prohibition.

### FACTS

Petitioner Christopher Charles Collins worked for Hortus, U.S.A. (Hortus). He filed a workers' compensation claim alleging that he suffered a work-related injury.

In January 1998, Collins's sworn deposition was taken by the employer. Before being questioned by Hortus's counsel, Collins was told that he could be punished, should he give false testimony. He was also told that he would have an opportunity to review and correct any statements made at his deposition. Collins thereafter testified to the scope and extent of the injuries that he claims to have suffered. At the conclusion of the deposition, the parties stipulated that if the signed original deposition transcript is not available for trial, "a certified copy can be used in its place."

Collins never signed or saw the original or a copy of the deposition. Unknown to him, the original of the deposition was delivered to his workers' compensation attorney. There is no evidence that the deposition was used in any proceeding.

An investigation conducted by Hortus revealed that Collins's physical activities were inconsistent with the physical limitations Collins described in his deposition testimony. The discrepancy was reported by the employer to the Ventura County District Attorney, and Collins was charged with having committed perjury at his deposition. (§ 118.)

Following his arraignment in superior court, Collins filed a motion to dismiss the perjury charges. (§ 995.) He asserted that, absent evidence that he had either signed the deposition or had an opportunity to review and correct it, he could not be found guilty of perjury. (See *People v. Hjelm* (1964) 224 Cal.App.2d 649 [37 Cal.Rptr. 36]; *People v. Griffini* (1998) 65 Cal.App.4th 581 [76 Cal.Rptr.2d 590].)

On January 26, 2001, the trial court denied the motion to dismiss. Collins thereafter sought relief through a petition for a writ of prohibition. We

[1]All further statutory references are to the Penal Code unless otherwise stated.

conclude that Collins lacks an adequate remedy at law and have issued an order to show cause.

## DISCUSSION

Section 118, subdivision (a) provides: "[E]very person who . . . certifies under penalty of perjury in any of the cases in which . . . certification is permitted by law . . . under penalty of perjury and willfully states as true any material matter which he or she knows to be false, is guilty of perjury."

██ "Before a party may be convicted of perjury in making a false affidavit, he must either use the affidavit for a purpose contemplated by section 118 of the Penal Code, or deliver it to some one for such use. This principle of law is recognized and declared by section 124 . . . ." (*People v. Robles* (1897) 117 Cal. 681, 682 [49 P. 1042].) Section 124 states: "The making of a deposition, affidavit or certificate is deemed to be complete . . . from the time when it is delivered by the accused to any other person, with the intent that it be uttered or published as true."

The prosecution asserts that the crime of perjury occurs the moment a deponent willfully gives false testimony. This assertion underscores a basic misunderstanding of the nature of a deposition. ██ "The term 'deposition' is now confined in meaning to testimony delivered in writing; testimony which in legal contemplation does not exist apart from a writing made or adopted by the witness." (*Voorheis v. Hawthorne-Michaels Co.* (1957) 151 Cal.App.2d 688, 692 [312 P.2d 51].) ██ As with an affidavit or certificate, it is the finality of the writing and its delivery, and not merely speaking the false words, which constitutes an essential element of the crime of perjury. This is to be distinguished from the giving of false testimony before the judge, jury or tribunal responsible for deciding the matter at issue. Such testimony constitutes perjury when the words are spoken, if the testimony is knowingly and willfully false and upon a material matter. (§ 118, subd. (a); *People v. Hjelm, supra,* 224 Cal.App.2d at p. 655.) In other words, " '[T]he mere making of the affidavit [giving testimony at the deposition] cannot constitute the crime. . . .' " (*People v. Griffini, supra,* 65 Cal.App.4th at p. 590, fn. 9, citing *Hjelm, supra,* at pp. 651-652.)

In so concluding, we do not intend to suggest that we countenance the giving of willfully false testimony. Such conduct is anathema to our system of justice which depends upon truthful testimony in the determination of legal rights and liabilities, of guilt or innocence. But, for testimony given at

a deposition to be perjurious, it must not only be uttered, it must be complete. To be complete it must be delivered. (§ 124.) For there to be delivery, within the meaning of section 124, there must be an actual transfer of the perjurious document. (*People v. Pierce* (1967) 66 Cal.2d 53, 59-60 [56 Cal.Rptr. 817, 423 P.2d 969] [alleged perjurious statements contained in a habeas corpus petition were deemed delivered at the time that the defendant gave the petition to a jailer with instructions that it be mailed to the court].)

In *People v. Robles, supra,* 117 Cal. at page 684, the Supreme Court held that "while the affidavit remains in the hands of the accused no mischief is done." (See also *People v. Hjelm, supra,* 224 Cal.App.2d 649; 2 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Crimes Against Governmental Authority, § 65, pp. 1158-1160.) Thus, so long as the document containing the false evidence remains in the possession of the accused, the crime of perjury does not lie. (*Hjelm, supra,* at pp. 652-653; *People v. Teixeira* (1922) 59 Cal.App. 598, 602-603 [211 P. 470].) "It is only when it leaves his hands that evil results follow. Hence the law says there is no crime until that event takes place." (*Robles, supra,* at p. 684; see also *People v. Agnew* (1947) 77 Cal.App.2d 748, 756 [176 P.2d 724].)

The prosecution counters with the argument that *Robles, Hjelm* and related cases are no longer controlling authority. It asserts that these cases must be viewed in the context of the current statutory scheme for civil discovery. Much of this debate centers upon the meaning of the word "deliver," as used in Penal Code section 124, and its asserted synonymy with the notions of the finality of a deposition as used in Code of Civil Procedure section 2025, subdivision (q).

At the time of *Robles* and *Hjelm,* an unexecuted deposition was of no effect. (*People v. Hjelm, supra,* 224 Cal.App.2d at pp. 655-656.) ▓▓ Subsequent to these decisions, the Civil Discovery Act was amended to provide that a deposition is deemed to be final 30 days after the deponent has been notified by the reporter that the deposition has been prepared for his or her inspection, correction, and signature. (Code Civ. Proc., § 2025, subd. (q)(1); *Chavez v. Zapata Ocean Resources, Inc.* (1984) 155 Cal.App.3d 115, 120 [201 Cal.Rptr. 887].) Thus, under present law, the failure of the deponent to review, correct, and sign, does not prevent a party from using the unsigned deposition of an unavailable witness. (*Chavez, supra,* at pp. 121-122; 1 Hogan & Weber, Cal. Civil Discovery (1997) § 2.32, pp. 121-125.)

▓▓ The prosecution seizes upon the change in discovery law and argues that, since the Collins's deposition became legally conclusive 30 days after

the reporter delivered it to counsel, the deposition supplied all necessary elements for a perjury prosecution. This argument misses the point. The pertinent question is not whether Collins's deposition could be put to use in a civil matter, but whether this document had been completed and delivered as required by section 124. There is no crime of perjury absent such completion and delivery. (*People v. Hjelm, supra*, 224 Cal.App.2d at p. 656; *People v. Griffini, supra*, 65 Cal.App.4th at p. 590, fn. 9.)

Simply stated, a deposition may be final and legally conclusive, but remain undelivered. So long as this deposition remains in the office of counsel of the deponent, and so long as no one attempts to make use of the document, the crime of perjury is not committed. (*People v. Pierce, supra*, 66 Cal.2d at p. 60; *People v. Griffini, supra*, 65 Cal.App.4th at p. 588; *People v. Calban* (1976) 65 Cal.App.3d 578, 585, fn. 6 [135 Cal.Rptr. 441].)

We are also guided by the steadfast maxim *expressio unius est exclusio alterius*—the expression of the one thing in a statute implies the exclusion of the other. (Black's Law Dict. (6th ed. 1990) p. 581, col. 1; *People v. Anzalone* (1999) 19 Cal.4th 1074, 1078-1082 [81 Cal.Rptr.2d 315, 969 P.2d 160] [specific inclusion of some forms of robbery showed that the Legislature did not intend that every robbery qualify as an offense under the Mentally Disordered Offender Act].) In the statutory scheme at hand, the Legislature has specifically enumerated the elements necessary to prove perjury. In doing so, it has necessarily excluded the expansive interpretation sought by the prosecution.

"We take the statute as we find it." (*Anderson v. Wilson* (1933) 289 U.S. 20, 27 [53 S.Ct. 417, 420, 77 L.Ed. 1004].) As such, we shall not attempt to embellish upon the perjury statute a greater breadth than that afforded by its plain language. (*Sporich v. Superior Court* (2000) 77 Cal.App.4th 422, 426-427 [91 Cal.Rptr.2d 752].)

■ The burden of the prosecution at the preliminary examination is to produce evidence sufficient to induce a strong suspicion in the mind of a man of ordinary caution or prudence that a crime had been committed and that the defendant was the guilty person. (*Rideout v. Superior Court* (1967) 67 Cal.2d 471, 474 [62 Cal.Rptr. 581, 432 P.2d 197].) ■ Here, there is no evidence of any delivery of the tainted deposition. Without this vital element, the crime of perjury does not lie, even if petitioner did.

## CONCLUSION

Let a peremptory writ of prohibition issue directing the Superior Court of Ventura County to take no further action in the case of *People v. Collins*, No. CR48697, other than to dismiss the said proceeding.

Gilbert, P. J., and Coffee, J., concurred.

Petitioner's petition for review by the Supreme Court was denied September 19, 2001. Chin, J., did not participate therein.