[No. B174364. Second Dist., Div. Six. July 27, 2004.]

JAMES S. EGAR, as Public Defender, etc., et al., Petitioners, v.
THE SUPERIOR COURT OF SANTA BARBARA COUNTY, Respondent.

**COUNSEL**

James S. Egar, Public Defender, Raimundo Montes De Oca, Deputy Public Defender; and Terri Finkbine Arnold for Petitioners.

Stephen Shane Stark, County Counsel, and Stephen D. Underwood, Assistant County Counsel, for Respondent.

**OPINION**

**YEGAN, J.—** ■ Penal Code section 1465.8, in pertinent part, provides for the imposition of a $20 court security fee for "every conviction for a criminal offense, including a traffic offense . . . ."[1] Emily S. and Cameron V.,

[1] Penal Code section 1465.8 in its entirety provides: "(a)(1) To ensure and maintain adequate funding for court security, a fee of twenty dollars ($20) shall be imposed on every conviction for a criminal offense, including a traffic offense, except parking offenses as defined in subdivision (i) of Section 1463, involving a violation of a section of the Vehicle Code or any local ordinance adopted pursuant to the Vehicle Code. [¶] (2) For the purposes of this section,

both minors, were declared wards of the juvenile court (Welf. & Inst. Code, § 602) upon findings that they committed misdemeanors. As a term of probation and over the objection of minors' counsel, the court ordered both to pay the $20 court security fee.

The Santa Barbara County Public Defender contests the juvenile court's imposition of the $20 fee. The public defender meritoriously contends that juvenile court adjudications of wardships are not convictions and, consequently, Penal Code section 1465.8 is inapplicable.

■ It is a fundamental rule of statutory construction that when a statute's language is plain, we are to consult the words of the statute, "giving the language its usual, ordinary meaning." (*Curle v. Superior Court* (2001) 24 Cal.4th 1057, 1063 [103 Cal.Rptr.2d 751, 16 P.3d 166].) Courts should not attempt to afford a statute greater breadth than that afforded by its plain language. (*Collins v. Superior Court* (2001) 89 Cal.App.4th 1244, 1249 [108 Cal.Rptr.2d 123].) "[W]e take the statute as we find it." (*People v. Collins* (1992) 10 Cal.App.4th 690, 698 [12 Cal.Rptr.2d 768].)

■ The language in section 1465.8 is clear: a $20 court security fee is to be imposed for "every conviction for a criminal offense." A conviction "generally means 'the result of a criminal trial which ends in a judgment or sentence that the accused is guilty as charged.' (Citation.)" (*Heritage Cablevision of Cal., Inc. v. Pusateri* (1995) 38 Cal.App.4th 517, 521 [45 Cal.Rptr.2d 191].)

■ Although confinement, fines, and fees imposed upon a ward of the juvenile court may be penal in nature and premised upon a finding of criminal misconduct, juvenile adjudications of wardship are not criminal convictions. (*In re Joseph B.* (1978) 34 Cal.3d 952, 955 [196 Cal.Rptr. 348,

'conviction' includes the dismissal of a traffic violation on the condition that the defendant attend a court-ordered traffic violator school, as authorized by Sections 41501 and 42005 of the Vehicle Code. This security fee shall be deposited in accordance with subdivision (d), and may not be included with the fee calculated and distributed pursuant to Section 42007 of the Vehicle Code. [¶] (b) This fee shall be in addition to the state penalty assessed pursuant to Section 1464 and may not be included in the base fine to calculate the state penalty assessment as specified in subdivision (a) of Section 1464. [¶] (c) When bail is deposited for an offense to which this section applies, and for which a court appearance is not necessary, the person making the deposit shall also deposit a sufficient amount to include the fee prescribed by this section. [¶] (d) Notwithstanding any other provision of law, the fees collected pursuant to subdivision (a) shall all be deposited in a special account in the county treasury and transmitted therefrom monthly to the Controller for deposit in the Trial Court Trust Fund. [¶] (e) The Judicial Council shall provide for the administration of this section."

671 P.2d 852]; *In re Bernardino S.* (1992) 4 Cal.App.4th 613, 618 [5 Cal.Rptr.2d 746].) In Welfare & Institutions Code section 203, the Legislature explicitly recognized the important distinction between wardship and convictions: "An order adjudging a minor to be a ward of the juvenile court shall not be deemed a conviction of a crime *for any purpose,* nor shall a proceeding in the juvenile court be deemed a criminal proceeding." (Italics added.) This distinction was lost upon the juvenile court. In ordering the $20 security fee as to the minor, Emily S., the court remarked: "I think the legislative intent was to collect this fee on every conviction."

As indicated, we take the statute as we find it. It is not the legitimate function of an appellate court to construe an unambiguous statute by "subtracting" language. (*People v. Buena Vista Mines, Inc.* (1996) 48 Cal.App.4th 1030, 1034 [56 Cal.Rptr.2d 21].) As long as the word "conviction" remains in Penal Code section 1465.8, there is simply no authorization to impose a $20 court security fee upon a ward of the juvenile court.

Let a peremptory writ of mandate issue commanding respondent juvenile court to set aside its orders imposing court security fees as to both minors. The alternative writ, having served its purpose, is discharged.

Gilbert, P. J., and Coffee, J., concurred.