Filed 6/20/22  Mogilefsky v. Panda Express CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| ARTHUR MOGILEFSKY,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>PANDA EXPRESS, INC.,<br><br>    Defendant and Respondent. | 2d Civ. No. B314888<br>(Super. Ct. No. 20CV-0454)<br>(San Luis Obispo) |

After declaring appellant Arthur Mogilefsky a "vexatious litigant," the trial court ordered him to furnish security to maintain his pending lawsuit against respondent Panda Express, Inc. (Panda).  When appellant failed to post the security, the court dismissed his action pursuant to Code of Civil Procedure section 391.4.[1]  Appellant contends the dismissal must be reversed because the court erroneously declared him a vexatious

_____

[1] All statutory references are to the Code of Civil Procedure.

litigant.  We conclude substantial evidence supports both the court's vexatious litigant finding and the dismissal.   We affirm.

FACTS AND PROCEDURAL BACKGROUND

Panda owns and operates a chain of Asian-style fast food restaurants.  On January 3, 2020, appellant visited Panda's Arroyo Grande location.  Appellant, who had pre-ordered his food online, carried his small dog, a Chihuahua mix, under his arm. Appellant's food was ready when he arrived and he proceeded to the counter to retrieve his food.  Appellant held the dog above the food counter.  Panda employees served appellant, who then left with his to-go order.

Appellant alleges that during this visit, three of Panda's employees told him dogs are not allowed in the restaurant. Appellant claims he told them his dog was a service dog and that the Panda employees' comments violated the Americans with Disabilities Act (ADA), as incorporated by California's Unruh Act.

Panda maintains that under its policies, service dogs are allowed to accompany guests with disabilities in all areas where guests are permitted and that its associates are trained to welcome service dogs.  According to associates who worked at the Arroyo Grande location, appellant was a regular guest who had never been denied service or asked to leave because of his dog.[2]

On January 6, 2020, appellant filed *Arthur Mogilefsky v. Panda Express*, San Luis Obispo (SLO) Sup. Ct. No. 20LC-0018 (*Panda I*), a lawsuit arising out of his January 3, 2020 Panda

---

[2] Panda claims, based on post-litigation information, that appellant's dog was not a bona fide service dog and that even if it was, appellant had no legal right to bring an unvaccinated and unlicensed dog into the restaurant.

visit.[3]  Appellant alleged violations of the Unruh Act.  While several motions were pending, including a request for monetary sanctions against appellant, he voluntarily dismissed *Panda I* without prejudice.

Before dismissing *Panda I*, appellant filed *Arthur Mogilefsky v. Markson et al.*, SLO Sup. Ct. No. 20CV-0237, another lawsuit related to the January 3, 2020 Panda visit. Appellant complained that Panda's litigation and in-house counsel had sent him "unwanted" emails regarding their *Panda 1* defense.  On September 10, 2020, the trial court granted the defendants' anti-SLAPP motion, dismissed the case and ordered appellant to pay $14,685 in attorney fees and costs.

On August 27, 2020, appellant filed *Arthur Mogilefsky v. Panda Express*, SLO Sup. Ct. No. 20CV-0454 (*Panda II*), a third lawsuit arising out of the January 3, 2020 visit.  Appellant alleged causes of action for violation of the Unruh Act, negligent employee training and unfair competition.  He also sought a state-wide permanent injunction requiring Panda restaurants to adopt a general nondiscrimination policy and an ADA-compliant service dog policy.

Panda moved for orders (1) declaring appellant a "vexatious litigant" and (2) requiring him to post security under section 391.3 before proceeding with *Panda II*.  At Panda's request, the trial court took judicial notice of six other actions filed by appellant that were resolved against him:  (1) *Arthur Mogilefsky v. Costco*, Santa Barbara Sup. Ct. No. 17CV04422 (judgment entered against appellant on May 14, 2019); (2) *Arthur Mogilefsky v. Allegiant Air LLC,* SLO Sup. Ct. No. 20LC-0016

---

[3] All the litigation matters referenced in this opinion were filed by appellant in propria persona.

3

(dismissed without prejudice on February 13, 2020); (3) *Arthur Mogilefsky v. Delta Airlines*, SLO Sup. Ct. No. 20LC-0052 (dismissed without prejudice on April 20, 2020); (4) *Arthur Mogilefsky v. Delta Airlines*, SLO Sup. Ct. Case No. 20LC-0349 (voluntarily dismissed with prejudice on July 22, 2020); (5) *Arthur Mogilefsky v. Allegiant Air LLC* (C.D. Cal. Jul. 15, 2020, Civ. No. 2:20-CV-04269) 2020 U.S.Dist.Lexis 125070 (judgment entered against appellant on July 15, 2020);[4] and (6) *Arthur Mogilefsky v. Rafael Mendoza*, SLO Sup. Ct. No. 20LC-0396 (voluntarily dismissed with prejudice on September 15, 2020).[5]

The trial court granted Panda's motion and ordered appellant to post security in the amount of $82,500 within 30 days. When appellant failed to post security after two extensions, Panda moved to dismiss *Panda II* pursuant to section 391.4. Appellant did not oppose the motion or appear at the hearing. The trial court granted the motion, entering judgment in Panda's favor.

## DISCUSSION

### *Standard of Review*

The trial court's determination that an individual is a vexatious litigant is an exercise of its discretion. We presume the order is correct and imply the findings necessary to support the judgment, upholding the ruling if it is supported by substantial evidence. (*Garcia v. Lacey* (2014) 231 Cal.App.4th 402, 407.) We "view the evidence most favorably to the prevailing party, giving

---

[4] This case was filed in the superior court (SLO Sup. Ct. No. 20LC-0350) and then removed to federal court.

[5] Appellant, a former attorney, considers litigation "one of [his] hobbies" and "a boatload of fun."

4

it the benefit of every reasonable inference and resolving all conflicts in its favor.  [Citation.]  Substantial evidence is evidence of ponderable legal significance, reasonable, credible and of solid value." (*Oregel v. American Isuzu Motors, Inc.* (2001) 90 Cal.App.4th 1094, 1100.)

*Substantial Evidence Supports the Trial*
*Court's Vexatious Litigant Finding*

"The vexatious litigant statutes (§§ 391-391.7) are designed to curb misuse of the court system by those persistent and obsessive litigants who, repeatedly litigating the same issues through groundless actions, waste the time and resources of the court system and other litigants."  (*Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1169.)

The trial court based its vexatious litigant finding on section 391, subdivision (b)(1), which states that a vexatious litigant is one who "[i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person."

Under this statute, the term "'[l]itigation' means any civil action or proceeding, commenced, maintained or pending in any state or federal court." (§ 391, subd. (a).)  A litigation is "determined adversely" to a plaintiff within the meaning of the vexatious litigant statute if the litigant does not win the action or proceeding he or she began, including cases that are voluntarily dismissed by a plaintiff.  (*Garcia v. Lacey, supra*, 231 Cal.App.4th at p. 406.)  Indeed, a voluntary dismissal is "prima facie proof the litigation was 'determined adversely' to the plaintiff" for purposes of section 391, subdivision (b)(1).)  (*Tokerud v. Capitolbank Sacramento* (1995) 38 Cal.App.4th 775, 780 & fn. 3.)

Appellant does not dispute the trial court's finding that he filed at least five litigations in propria persona within the last seven years that were resolved against him. To the contrary, appellant concedes the court "followed the strict language of [section] 391(b)(1)(i)" in finding him a vexatious litigant. He contends that rather than counting the number of such lawsuits, the court should have examined their merits. He claims the proper "legal standard is that [the cases] must be unreasonable, groundless, harassing in nature and/or lacked merit."

As Panda points out, appellant urges us to follow the federal standard of vexatiousness in which a substantive showing is required. As the court in *Cranford v. Crawford* (E.D.Cal. Aug. 31, 2016, No. 1:14-cv-00055-AWI-MJS (PC)), 2016 U.S. Dist. Lexis 117714, explained, "the [California] state statutory definition of vexatiousness is not enough to find a litigant vexatious in federal court." (*Id.* at p. *7.) "[T]he [federal] standard for declaring a litigant vexatious is more stringent. . . . [T]he mere fact that a plaintiff has had numerous suits dismissed against him is an insufficient ground upon which to make a finding of vexatiousness." (*Goolsby v. Gonzales* (E.D.Cal. Dec. 18, 2014, No. 1:11-cv-00394-LJO-GSA (PC)), 2014 U.S. Dist. Lexis 73819, *3-5; see *Darden v. Mechael* (E.D.Cal. June 21, 2018, No. 1:17-cv-00505-LJO-SAB (PC)), 2018 U.S. Dist. Lexis 84177, *8 [Under section 391, subdivision (b)(1) "there is no requirement of evidence of misconduct on the part of Plaintiff and any final determination which was adverse to Plaintiff qualifies"].)

We decline to apply a federal standard that is not incorporated into or even suggested by section 391, subdivision (b)(1). "It is a fundamental rule of statutory construction that when a statute's language is plain, we are to consult the words of

6

the statute, 'giving the language its usual, ordinary meaning.' [Citation.]" (*Egar v. Superior Court* (2004) 120 Cal.App.4th 1306, 1308.) "We may not add language to a statute that is not otherwise present. [Citation.]" (*City and County of San Francisco v. International Union of Operating Engineers, Local 39* (2007) 151 Cal.App.4th 938, 945.)

In sum, we have considered each of appellant's contentions on appeal and conclude they lack merit. Appellant has failed to demonstrate that the trial court erred by dismissing *Panda II*.

DISPOSITION

The judgment of dismissal is affirmed. Respondent shall recover its costs on appeal.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P.J.

YEGAN, J.

Ginger E. Garrett, Judge
Superior Court County of San Luis Obispo

_____

Arthur Mogilefsky, in pro. per, on behalf of Plaintiff and Appellant.

Markson Pico, Brett S. Markson and Timothy A. Pico, on behalf of Defendant and Respondent.