Filed 9/30/16

<u>**CERTIFIED FOR PARTIAL PUBLICATION**</u>[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re GABRIEL T., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>        v.<br><br>GABRIEL T.,<br><br>  Defendant and Appellant. | F073030<br><br>(Super. Ct. No. MJL018293)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Madera County. Thomas L. Bender, Judge.

Carol A. Koenig, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts I, II, III and V of the Discussion.

# INTRODUCTION

This opinion involves a troubled minor, appellant Gabriel T., who was placed on informal probation in July 2015 in Madera County Superior Court case number MJL018293. In August 2015, he admitted a misdemeanor violation of brandishing a deadly weapon (Pen. Code, § 417, subd. (a)(1)), and he was released into his grandmother's custody under certain terms and conditions. In September 2015, he was placed on probation pursuant to Welfare and Institutions Code section 602 after failing to comply with the terms.

In November 2015, the present wardship petition was filed in case number MJL018293-A, and appellant subsequently admitted a violation of grand theft from the person of another (Pen. Code, § 487, subd. (c)), with a stipulated restitution of $20. The court ordered appellant to the Correctional Academy for 12 months, consisting of six months of confinement and six months of aftercare under the supervision of probation. It was ordered appellant could be returned to the Correctional Academy for a one-time remediation of 30 days at any time during the aftercare component due to a violation of probation or program rules.

On appeal the parties agree, as do we, that multiple errors occurred at sentencing. In the published portion, we hold that the 30-day remediation violated the statutory protections afforded in the Welfare and Institutions Code as it permitted the probation officer to determine a violation of probation without notice to appellant and an opportunity to be heard. In addition, we hold that it was impermissible for the juvenile court to impose a $50 "Facilities Assessment" pursuant to Government Code section 70372, subdivision (a).

In the unpublished portion, we agree with the parties that the violation of Penal Code section 487, subdivision (c), was a misdemeanor pursuant to Penal Code section 490.2; the court inappropriately ordered the collection of appellant's biological samples pursuant to Penal Code section 296; and the juvenile court erroneously calculated

2.

appellant's sentence. The parties' sole disputed issue on appeal is whether a firearm prohibition was properly imposed pursuant to Penal Code sections 29800 and 29805. Based on this sentencing record, however, we are unable to determine whether a firearm prohibition was appropriate or not in this case.

We vacate the sentence and remand for resentencing.

## FACTUAL BACKGROUND

### I.     The Prior Juvenile Record.

On July 7, 2015, the juvenile court granted appellant informal probation pursuant to Welfare and Institutions Code section 654.2 for misdemeanor violations of brandishing a deadly weapon (Pen. Code, § 417, subd. (a)(1)) and assault (Pen. Code, § 240) in case number MJL018293. Appellant was ordered, in part, to enroll into and complete substance abuse and anger management counseling, not to possess weapons, and to obey his grandmother.

On August 12, 2015, a modification request was filed with the court alleging appellant failed to obey his grandmother, he left his reported residence without permission, he violated curfew, and he refused to enroll into anger management and substance abuse counseling. On August 20, he was remanded into custody for violation of informal probation, and on August 31, he admitted a misdemeanor violation of Penal Code section 417, subdivision (a)(1). He was released to the custody of his grandmother pending disposition with certain conditions imposed, including not to possess weapons.

On September 28, 2015, appellant was taken into custody after being suspended from school for assaulting another student. Two days later he was placed on probation pursuant to Welfare and Institutions Code section 602 and ordered to serve a 20-day juvenile hall commitment with credit of 20 days for time served.

### II.     The Current Juvenile Petition.

On November 5, 2015, a juvenile wardship petition was filed pursuant to Welfare and Institutions Code section 602, subdivision (a), in case number MJL018293-A. It was

3.

alleged appellant committed one felony count of dissuading a witness (Pen. Code, § 136.1, subd. (c)(1); count 1) and one felony count of robbery (Pen. Code, § 211; count 2). The petition stated the maximum aggregate term of confinement would be sought based on the previously sustained petition pursuant to Penal Code section 417, subdivision (a)(1). The maximum time for the previously sustained petition was listed as "1 year." The petition sought a total aggregate time of six years four months. A violation of probation was also filed on November 5, 2015, alleging appellant failed to obey all laws by violating Penal Code sections 136.1, subdivision (c)(1), and 211.

The petition was subsequently amended to allege in count 1 a violation of Penal Code section 136.1, subdivision (c)(1), and to add a count of grand theft from the person of another (Pen. Code, § 487, subd. (c); count 3). The amended petition did not specify whether the grand theft was charged as a misdemeanor or a felony. According to the police report, the victim and the victim's mother indicated the theft resulted in a loss of $20 to $35.

On December 9, 2015, appellant admitted violation of Penal Code section 487, subdivision (c), and the remaining two counts and violation of probation were dismissed. The maximum confinement time was set at three years four months. On January 4, 2016, appellant was continued as a ward of the court, and he was ordered to the Correctional Academy for 12 months with six months of boot camp and six months of aftercare program. Restitution was ordered at the stipulated amount of $20. Appellant was ordered to serve 65 days in juvenile hall with 65 days of credit for time served. Various other terms and conditions were imposed.

## DISCUSSION

**I.    The Violation Of Penal Code section 487, subdivision (c), Was A Misdemeanor.***

The parties agree, as do we, that appellant's violation of Penal Code section 487, subdivision (c), was a misdemeanor and not a felony. Unfortunately, the juvenile court's records are unclear regarding this issue.

At the jurisdictional hearing on December 9, 2015, count 3 was added, which appellant admitted. However, it was never specified on the record whether count 3 was a misdemeanor or a felony. Paragraph 5 of the December 9, 2015, minute order reflects that appellant admitted to count 1, a violation of Penal Code section 487, subdivision (c). Paragraph 15 of the minute order states that the court considered and declared the violation a misdemeanor. However, paragraph 29 of the same order sets a maximum confinement of three years four months.

At the disposition hearing on January 4, 2016, the court declared the offense to be a felony, but the minute order from that same day in paragraph 6 declares count 3 to be a misdemeanor. However, the accompanying "Recommended Findings And Orders" declares the offense to be a felony.

Pursuant to Penal Code section 490.2, and excluding certain exceptions which are not relevant here, a theft of property involving a value not exceeding $950 is considered "petty theft" and is punished as a misdemeanor. (Pen. Code, § 490.2, subd. (a).) Petty theft is punishable by a maximum of six months in county jail, by fine, or by both. (Pen. Code, § 490.)

Here, the parties agree, as do we, that the value of the property taken was well under $950. As such, the offense pursuant to Penal Code section 487, subdivision (c),

---

\*    See footnote, *ante*, page 1.

was a misdemeanor with a maximum confinement of six months. Accordingly, the imposed sentence is vacated and appellant shall be resentenced.

## II.   The Order For The Collection Of Biological Samples Is Stricken.*

At the January 4, 2016, hearing, appellant was ordered to "[s]ubmit to the collection of blood and saliva samples and/or buccal swab samples." We agree with the parties that this probation condition should be stricken.

Penal Code section 296 requires certain persons to provide biological samples following convictions for certain offenses. For juveniles, however, this section is only applicable for a felony offense or for those juveniles who are subject to registration for the commission of a sex offense. (Pen. Code, § 296, subds. (a), (c).) The collection of biological samples is not authorized based solely on the commission of a misdemeanor. (*Alejandro N. v. Superior Court* (2015) 238 Cal.App.4th 1209, 1226-1227.)

As discussed above, appellant's offense was a misdemeanor. Accordingly, upon resentencing, the juvenile court shall not impose the collection of biological samples pursuant to Penal Code section 296.

## III.   The Juvenile Court Shall Clarify The Imposition Of A Firearm Prohibition.*

At the January 4, 2016, disposition hearing, the court ordered a firearm prohibition pursuant to Penal Code sections 29800 and 29805. Appellant argues a firearm prohibition was inappropriate based on his current offense, but he concedes his prior violation of Penal Code section 417 would qualify. He notes a firearm prohibition for juveniles exists in Penal Code section 29820, but argues that section is inapplicable because the juvenile court did not use it.

Respondent argues the firearm prohibition is appropriate in the present petition because of appellant's prior offense. Respondent appears to primarily rely upon Penal Code section 29820 in seeking imposition of a firearm prohibition.

---

*        See footnote, *ante*, page 1.

**A.      Background.**

In July 2015 appellant was granted informal probation and ordered not to possess weapons.  Approximately one month later he violated probation and was remanded into custody.  He admitted violation of brandishing a deadly weapon (Pen. Code, § 417, subd. (a)(1)).  He was again ordered not to possess weapons.  In September 2015 he was remanded into custody after assaulting a student at school.  He was placed on formal probation and ordered to serve a juvenile hall commitment with credit for time served.

In November 2015 the present juvenile wardship petition was filed, which sought a maximum aggregate term of confinement based on the previously sustained petition pursuant to Penal Code section 417, subdivision (a).  In December 2015 appellant admitted violation of Penal Code section 487, subdivision (c).

**B.      Analysis.**

As is relevant to this discussion, three statutes impose firearm prohibitions for persons who have committed certain violations.

First, under Penal Code section 29800, it is illegal for any person who has been convicted of a felony to own, purchase, receive, possess, or have custody or control of any firearm.  (Pen. Code, § 29800, subd. (a)(1).)

Second, Penal Code section 29805 imposes criminal liability to any person who has been convicted of certain enumerated misdemeanors "and who, within 10 years of the conviction, owns, purchases, receives, or has in possession or under custody or control, any firearm …."  As is relevant here, the enumerated misdemeanors include Penal Code sections 136.1 (witness intimidation); 240 (assault); and 417 (brandishing a deadly weapon or firearm).  (Pen. Code, § 29805.)

Finally, Penal Code section 29820 imposes a firearm prohibition against juvenile offenders, who may not own, possess, control or have custody of any firearm until the age of 30 if two requirements are established:  (1) the person is alleged to have committed, among other offenses, any offense enumerated in Penal Code section 29805;

7.

and (2) the person must subsequently be adjudged a ward of the juvenile court because the person committed, among other possible offenses, any offense enumerated in Penal Code section 29805.  (Pen. Code, § 29820, subds. (a) & (b).)

Here, the firearm prohibition pursuant to Penal Code section 29800 was inappropriate in this case because appellant did not commit a felony violation.  Further, the juvenile court never imposed a firearm prohibition pursuant to Penal Code section 29820.  Regarding Penal Code section 29805, however, we cannot determine whether the firearm prohibition was appropriate or not based on this sentencing record.

The present petition alleged appellant committed an offense enumerated in Penal Code section 29805, i.e., witness intimidation pursuant to Penal Code section 136.1.  Ultimately, however, the disposition of the present petition occurred when appellant admitted a violation of Penal Code section 487, subdivision (c).  As discussed previously, this was a misdemeanor violation.  Penal Code section 487 is not one of the enumerated misdemeanors appearing in Penal Code section 29805.  As such, it was improper to impose the firearm prohibition against appellant in this case based on his violation of Penal Code section 487.

When the present petition was filed, an aggregate sentence was sought based upon appellant's previously sustained petition for brandishing a deadly weapon (Pen. Code, § 417, subd. (a)(1)).  Penal Code section 417, subdivision (a)(1), is an enumerated misdemeanor appearing in Penal Code section 29805.  However, at the disposition hearing, the juvenile court never stated on the record it was imposing an aggregate sentence when ordering appellant to the Correctional Academy for 12 months.  The accompanying Recommended Findings And Orders is also silent regarding an aggregate sentence.

Given the state of this record, it is impossible to determine if appellant's sentence was aggregated based on his prior violation or if the sentence was based solely on the present violation of Penal Code section 487.  Upon remand, the juvenile court shall

8.

clarify whether an aggregate sentence is imposed. In resentencing appellant, the court shall articulate the basis, if any, for imposition of a firearm prohibition.

## IV.     The 30-Day Remedial Incarceration Violated Statutory Protections.

The court's January 4, 2016, Recommended Findings And Orders states: "At any time during the aftercare component the minor may be returned to the Correctional Academy for a one time remediation of 30 days due to a violation of probation or program rules." Respondent concedes Welfare and Institutions Code section 777 precludes appellant's removal from his home during the "aftercare" portion of the program without complying with statutory notice and hearing requirements. We agree.

### A.     Background.

At the January 4, 2016, disposition hearing, appellant's defense counsel objected to this provision, contending it violated the notice requirements under the Welfare and Institutions Code, it violated due process, and it permitted the probation officer to put appellant into custody without any further review. The juvenile court disagreed, seeing the provision as "a limit on the number of times that they can bring him back into the aftercare program. Because the program is in [*sic*] this case would be a year program. And six months are in and then six months are out in the aftercare program. And if [appellant] violates during the aftercare program, they bring him back in for a portion of that. In the past there was an unlimited amount of that and they just put a limitation on it by a one-time remediation." The court said it would follow this recommendation from probation and invited appellant's counsel to raise this issue on appeal.

The prosecutor suggested the procedure "was limited" and "an agreement entered into ahead of time." The court disagreed and stated: "They are not treating it as a new violation of probation where they would file a new petition. They are just treating it as a violation after Correctional Academy program which this Court has ordered for that violation. Instead of completing the aftercare program at home, they have to do -- they have to serve a minimum amount of 30 days."

9.

Following argument from counsel, the court ordered appellant to the Correctional Academy for 12 months, consisting of six months of confinement and six months of aftercare under the supervision of the probation officer. The court informed appellant: "At any time during the aftercare component you may be returned to the Correctional Camp for a one-time remediation of 30 days due to a violation of probation or program rules."

### B. This issue is appropriate to review on appeal.

Appellant notes this issue is moot as he will not have any confinement time left for this condition to be exercised. However, he asserts this court should address this issue as it is important to the fair and effective administration of justice in the field of juvenile delinquency law. Respondent offers no objection.

We agree that this issue involves a justifiable controversy stemming from an important procedural issue with court-wide impact. There is a likelihood of recurring litigation involving this same issue. We agree that review of this issue is appropriate under these circumstances to provide guidance to juvenile courts. (*In re Jorge Q.* (1997) 54 Cal.App.4th 223, 229 (*Jorge Q.*) [unripe issue reviewable on appeal because a justifiable controversy existed with a likelihood of recurring litigation].) We will address the merits of this claim.

### C. Appellant may not be removed from his home for an alleged violation of probation absent a hearing.

It is the stated purpose of the juvenile court laws to provide protection and safety to the public and to each minor under the juvenile court's jurisdiction. (Welf. & Inst. Code, § 202, subd. (a).) It is the goal "to preserve and strengthen the minor's family ties whenever possible, removing the minor from the custody of his or her parents only when necessary for his or her welfare or for the safety and protection of the public." (*Ibid.*)

When a minor is adjudged a ward of the court, the court is authorized to impose and require any and all reasonable conditions it determines fitting and proper to obtain

10.

justice, and enhance the minor's reformation and rehabilitation. (Welf. & Inst. Code, § 730, subds. (a) & (b).) "A juvenile court enjoys broad discretion to fashion conditions of probation for the purpose of rehabilitation and may even impose a condition of probation that would be unconstitutional or otherwise improper so long as it is tailored to specifically meet the needs of the juvenile. [Citation.]" (*In re Josh W.* (1997) 55 Cal.App.4th 1, 5.) "That discretion will not be disturbed in the absence of manifest abuse. [Citation.]" (*Id.* at p. 5.)

If the probation officer determines a minor should be retained in custody, the officer is required to proceed in accordance with Welfare and Institutions Code Article 16 (commencing with section 650) to cause the filing of a petition pursuant to Welfare and Institutions Code section 656. (Welf. & Inst. Code, § 630, subd. (a).) If the minor is alleged to be a person described in Welfare and Institutions Code section 601 or 602, the minor must be served with a copy of the petition, receive notice of the time and place of the detention hearing, and the minor's parents or guardians must also receive notice if their whereabouts can be determined by due diligence. (Welf. & Inst. Code, § 630, subd. (a).) At the hearing, the minor has a privilege against self-incrimination, and the right to confront and cross-examine any person examined by the court. (*Id.* at subd. (b).)

When a minor is detained pursuant to a probation violation, a detention hearing must be conducted in accordance with Welfare and Institutions Code Article 15, commencing with section 625. (Welf. & Inst. Code, § 777, subd. (d).) The minor must be released unless the court finds both that the continuance in the home of the parent or legal guardian is contrary to the child's welfare and at least one of the following exists: (1) the child violated a court order; (2) the child escaped from a court commitment; (3) the child is likely to flee the court's jurisdiction; (4) immediate and urgent necessity exists for the child's protection; or (5) it is reasonably necessary for the protection of the person or another's property. (Cal. Rules of Court, rule 5.760(c)(1)(A)–(E).) The supplemental petition procedure is designed for situations where the minor is moved to a

11.

more restrictive placement because the original disposition has not been effective. (*In re Jorge Q., supra,* 54 Cal.App.4th at p. 231.)

A juvenile court cannot lift an imposed stayed or suspended term of confinement without meeting the requirements of Welfare and Institutions Code section 777. (*In re Jose T.* (2010) 191 Cal.App.4th 1142, 1147.) When evaluating the minor following the filing of a petition pursuant to Welfare and Institutions Code section 777, the court must make required findings that the previous disposition has not been effective regarding the minor's rehabilitation or protection. (*In re Jose T.*, at p. 1147.) In order to commit the minor to the Youth Authority, the court must be fully satisfied that the minor's mental and physical condition and qualifications render it probable the minor will benefit from the commitment. (*Ibid.*; Welf. & Inst. Code, § 734.)

Here, the condition imposed upon appellant vested absolute discretion in the probation officer to determine if and when a violation of probation occurred during the aftercare program. This condition was not tailored to meet appellant's specific needs at the time of any future alleged violation. Moreover, because an alleged violation of probation would have been at issue, the officer was required to proceed in accordance with the notice and hearing requirements under Welfare and Institutions Code Article 16 (commencing with section 650). (Welf. & Inst. Code, § 630, subd. (a).) If and when appellant was detained pursuant to a probation violation, a detention hearing was required pursuant to Welfare and Institutions Code Article 15, commencing with section 625. (Welf. & Inst. Code, § 777, subd. (d).)

The condition which the juvenile court imposed did not require a judicial finding that appellant violated a condition of probation or that his continuance in the home was contrary to his welfare. Appellant was not entitled to notice or an opportunity to be heard. Such a condition does not comply with the statutory requirements of the Welfare and Institutions Code. (Welf. & Inst. Code, §§ 630, subd. (a); 777, subd. (d).) It was impermissible. Accordingly, this condition shall not be imposed upon resentencing.

12.

## V.    Appellant's Sentence Was Erroneously Calculated.*

The parties agree, as do we, that appellant's sentence is in error.

In August 2015, appellant admitted a violation of Penal Code section 417, subdivision (a)(1). The maximum time for such a violation is six months. (Pen. Code, §§ 19; 417, subd. (a)(1).) Appellant's present violation of Penal Code section 487, subdivision (c), also carries a maximum sentence of six months because it is deemed petty theft. (Pen. Code, §§ 490; 490.2, subd. (a).) The present petition sought an aggregated sentence based upon appellant's previously sustained petition.

When sentencing a minor, the juvenile court may elect to aggregate the period of physical confinement from previously sustained petitions adjudging the minor a ward of the court. (Welf. & Inst. Code, § 726, subd. (d)(3).) The "maximum term of imprisonment" is calculated from Penal Code section 1170.1, subdivision (a). (Welf. & Inst. Code, § 726, subd. (d)(3).) Under the calculations in Penal Code section 1170.1, an aggregate term of imprisonment involves "the sum of the 'principal term' (the longest term imposed for any of the offenses) and 'subordinate terms' (one-third of the middle term imposed for each other offense)." (*In re Eric J.* (1979) 25 Cal.3d 522, 536, fn. omitted.) Although the express language of Penal Code section 1170.1 only addresses felonies, its calculations are used for misdemeanors committed by a minor. (*In re Eric J.*, *supra*, 25 Cal.3d at p. 538.) As a result, "full, consecutive misdemeanor terms may not be imposed in juvenile cases. [Citation.]" (*In re Claude J.* (1990) 217 Cal.App.3d 760, 765.)

Here, the juvenile court imposed a 12-month commitment in the Correctional Academy. Such a sentence was impermissible if based solely on appellant's violation of Penal Code section 487, subdivision (c), which was a petty theft under Penal Code section 490.2. The sentence imposed also exceeded the maximum aggregate sentence

---

\*        See footnote, *ante*, page 1.

13.

possible because the second misdemeanor (the subordinate term) would have been one-third of the term for a total aggregated sentence of eight months.

Accordingly, the sentence is vacated. Upon remand, the juvenile court shall articulate whether the sentence is aggregated or not and resentence accordingly.

**VI.    The Penalty Under Government Code Section 70372 Is Stricken.**

According to the Recommended Findings And Orders, the juvenile court imposed a $150 "restitution fine" pursuant to Welfare and Institutions Code section 730.6, which included a $50 "Facilities Assessment" pursuant to Government Code section 70372, subdivision (a). We agree with the parties that the $50 Facilities Assessment should be stricken.

Government Code section 70372 imposes a "state court construction penalty" that is levied "upon every fine, penalty, or forfeiture imposed and collected by the courts for all criminal offenses …." (Gov. Code, § 70372, subd. (a)(1).) The statute expressly states that this penalty does not apply to any restitution fine. (*Id.* at subd. (a)(2)(A).)

Here, based upon the wording of the Recommended Findings And Orders, it appears the calculation of the $50 Facilities Assessment fee was based upon the restitution fine. This was error because a construction penalty does not apply to any restitution fine. (Gov. Code, § 70372, subd. (a)(2)(A).) Moreover, we hold this penalty may not be imposed against a juvenile ward.

"Although confinement, fines, and fees imposed upon a ward of the juvenile court may be penal in nature and premised upon a finding of criminal misconduct, juvenile adjudications of wardship are not criminal convictions. [Citations.]" (*Egar v. Superior Court* (2004) 120 Cal.App.4th 1306, 1308.) Pursuant to Welfare and Institutions Code section 203, "[a]n order adjudging a minor to be a ward of the juvenile court shall not be deemed a conviction of a crime for any purpose, nor shall a proceeding in the juvenile court be deemed a criminal proceeding."

14.

" 'Our fundamental task in interpreting a statute is to determine the Legislature's intent so as to effectuate the law's purpose.' " (*People v. Simmons* (2012) 210 Cal.App.4th 778, 790.) We give a plain and commonsense meaning to the statutory language, and we are to follow the plain meaning if it is clear. (*Ibid.*)

Here, the state court construction penalty under Government Code section 70372, subdivision (a)(1), is collected for criminal offenses. Under Welfare and Institutions Code section 203, however, juvenile adjudications of wardship are deemed neither criminal convictions nor criminal proceedings. (*In re Derrick B.* (2006) 39 Cal.4th 535, 540; *People v. Dotson* (1956) 46 Cal.2d 891, 895 [juvenile proceedings are similar to guardianship proceedings]; *Rinaker v. Superior Court* (1998) 62 Cal.App.4th 155, 164 [juvenile proceeding is a civil action].) Under the plain language of these statutes, the penalty pursuant to Government Code section 70372, subdivision (a)(1), is inapplicable in an adjudication of wardship. At resentencing, the juvenile court shall not impose this penalty.

## DISPOSITION

The sentence is vacated. This matter is remanded to the juvenile court for resentencing consistent with this opinion.

_____

MCCABE, J.[†]

WE CONCUR:


_____

HILL, PJ


_____

FRANSON, J.

_____

[†]     Judge of the Merced Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

15.