Filed 4/20/26  In re R.A. CA3

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

| | |
|---|---|
| In re R.A., a Person Coming Under the Juvenile Court Law. | C103231 |
| THE PEOPLE,<br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>R.A.,<br>　　　Defendant and Appellant. | (Super. Ct. No. JJC-JV-DE-2022-0001402) |

Upon determining that R.A. violated probation by using marijuana, the juvenile court committed R.A. to juvenile hall for 540 days, a sentence that the court had initially stayed in favor of home detention on probation with GPS monitoring.  On appeal, R.A. argues that the juvenile court abused its discretion:  (1) in "automatically" lifting the stay and imposing the commitment without a reassessment of R.A.'s circumstances; and (2) in imposing a 540-day commitment in this case.  The People concede this court should remand the matter to the juvenile court.  In light of this concession, the People argue that R.A.'s second contention on appeal is moot or not ripe.  R.A. on reply agrees that, if this case is remanded, his contention that his commitment was an abuse of discretion is moot.

We agree with the parties that the juvenile court erred in imposing the 540-day commitment without considering relevant factors and will vacate the disposition order

1

and remand for the court to conduct a new disposition hearing. Therefore, we do not reach R.A.'s contention that a 540-day commitment itself was an abuse of discretion.

BACKGROUND[1]

In December 2022, a juvenile wardship petition filed under Welfare and Institutions Code section 602 charged 15-year-old R.A. with misdemeanor battery (Pen. Code, § 242). In January 2023, a second petition charged R.A. with the same crime against a different victim. In March 2023, R.A. admitted the charge in the first petition and the second petition was dismissed. The juvenile court placed R.A. on six months' informal probation under Welfare and Institutions Code section 725.

In August 2023, a petition charged R.A. with two counts of felony vandalism (Pen. Code, § 594, subd. (a)(1); counts 1 & 2) and alleged as enhancements to both counts that R.A. committed the offenses for the benefit of a criminal street gang (*id*., § 186.22, subd. (b)(1)). As a separate count, the petition charged R.A. with the substantive offense of participation in a criminal street gang (*id*., § 186.22, subd. (a); count 3.) At a hearing in August 2023, the juvenile court terminated informal probation. The court ordered R.A. to remain released to his father with conditions.

In September 2023, a petition charged R.A. with second degree burglary (Pen. Code, § 459; count 1), grand theft (*id*., § 487, subd. (a); count 2), two counts of receiving stolen property (*id*., § 496, subd. (a); counts 3 & 5), and misdemeanor vandalism (*id*., § 594, subd. (b)(2)(A); count 4). In October 2023, a second wardship petition charged R.A. with two counts of felony vandalism to two vehicles (*id*., § 594, subd. (b)(1); counts 1 & 2). The petition was later amended to add two counts of burglary of the same vehicles (*id*., § 459; counts 3 & 4). A second amendment added felony vandalism and

---

[1] We do not recount the underlying facts that are not relevant to the issues on appeal. (*In re D.L.* (2012) 206 Cal.App.4th 1240, 1242, fn. 1.)

2

burglary charges regarding seven more vehicles (*id*., §§ 459, 594, subd. (b)(1); counts 5-18).

At a November 2023 hearing, R.A. admitted count 1, burglary, of the September 2023 petition and count 1, burglary, of the second amended October 2023 petition. The remaining counts were dismissed. R.A.'s admission to the December 2022 petition was withdrawn and that petition dismissed. The August 2023 petition was also dismissed. At a hearing in November 2023, R.A. was adjudged a ward of the court, committed to juvenile hall for 180 days with 43 days' credit on points for time served, and upon release ordered to serve 60 days on the electronic monitoring program and placed on formal probation.

In January 2024, a wardship petition charged R.A. with one count of misdemeanor battery (Pen. Code, § 242). The court ordered R.A. released to serve a total of 70 days with GPS monitoring.

In September 2024, a wardship petition charged R.A. with unlawful possession of a firearm by a convicted person under the age of 30 years (Pen. Code, § 29820, subd. (b); count 1), receiving stolen property (*id*., § 496, subd. (a); count 2), and possession of a firearm by a felon (*id*., § 29800, subd. (a)(1); count 3). A separate petition filed at the same time alleged a probation violation under Welfare and Institutions Code section 777 based on possession of a firearm. R.A. admitted count 1 of the first petition. The other counts were dismissed and the probation violation discharged. R.A. was released to his parents' custody with GPS monitoring.

In November 2024, a petition under Welfare and Institutions Code sections 602 and 777 charged R.A. with a probation violation. Another Welfare and Institutions Code section 602 petition filed the same month charged R.A. with misdemeanor vandalism (Pen. Code, § 594, subd. (a)(2); count 1) and misdemeanor battery (*id*., § 242; count 2). At a hearing in December 2024, R.A. admitted the probation violation. The juvenile

3

court revoked and reinstated probation. The subsequent petition was dismissed. The court ordered R.A. to remain released to his father on probation with GPS monitoring.

At a hearing in January 2025, the juvenile court continued R.A. as a ward of the court as to count 1, unlawful possession of a firearm by a convicted person under 30 years of age, as charged in a September 2024 petition. The court committed R.A. to juvenile hall for 540 days with 130 days' credit for time served and stayed the sentence on the condition that R.A. serve 120 days on the electronic monitoring program. Conditions of probation ordered by the court included "Obey all laws" and "Abstain from the use of intoxicants and/or drugs." The court admonished R.A.: "If you fail to complete the program or if you pick up any more violations of probation or new charges, in addition to anything else, you will automatically get the 540 days, which means you'll be long past your 18 birthday when you get out of juvenile hall." Later in the hearing, the juvenile court reiterated: "If you fail to obey the orders of the court, probation can bring you back before the court pursuant to 777 and you could be detained up to the two years. However, I'm already telling you that you will get at least 540 days based on this charge." The court ordered a review of R.A.'s performance on the electronic monitoring program in 30 days.

At the subsequent review hearing, the probation officer reported nothing negative regarding R.A.'s behavior on GPS except that he had tested positive for marijuana. The juvenile court stated it was inclined to give R.A. "another chance instead of taking you in today." The prosecutor objected, reminding the court: "You stayed 540 upon successful completion of 120 days of EMP [electronic monitoring program], and you, I quote, told the minor any issues including a positive drug test you will remand him to serve the 540 in the hall. [¶] . . . [¶] He has shown repeatedly throughout his history he will not follow the rules. I'm asking you to uphold the word you gave him and remand him for the 540 days today."

4

The juvenile court agreed and ordered R.A. to be detained in juvenile hall to serve 410 days previously imposed and stayed. The court explained: "I did say what I said, and [the prosecutor] is correct, if I tell people that it's zero tolerance and that you're not going to use — not to continue to use marijuana, and you do it, and then if I don't follow through then there's not going to be any compliance, there's not going to be any reason to change because you will just feel like if you write a good letter or you make some promises that you are going to be able to follow through. [¶] So at this point I'm going to find that he's in violation of the provisions to obey all laws, do not — abstain from the use of intoxicants or drugs, he is not to illegally use or possess any drug, narcotic, marijuana or alcohol. … So he'll be remanded to do the balance of his time."

R.A. filed a timely notice of appeal.

## DISCUSSION

A juvenile court's decision " 'may be reversed on appeal only upon a showing that the court abused its discretion in committing a minor to [juvenile hall].' " (*In re Jose T.* (2010) 191 Cal.App.4th 1142, 1147.) The parties agree, as do we, that the juvenile court abused its discretion in "automatically" committing R.A. to juvenile hall for violating the conditions of probation.

"A juvenile court cannot lift an imposed, stayed or suspended term of confinement without meeting the requirements of Welfare and Institutions Code section 777." (*In re Gabriel T.* (2016) 3 Cal.App.5th 952, 960, citing *In re Jose T., supra*, 191 Cal.App.4th p. 1147.) Welfare and Institutions Code section 777 requires that "[a]n order changing or modifying a previous order by removing a minor from the physical custody of a parent … and directing commitment to a county institution … shall be made only after a noticed hearing." (Welf. & Inst. Code, § 777.) Here, no section 777 petition or notice was filed before the juvenile court imposed the previously stayed commitment.

Further, "in order to commit the minor to [juvenile hall], the court must be fully satisfied that the minor's mental and physical condition and qualifications render it

5

probable the minor will benefit from the commitment." (*In re Gabriel, supra*, 3 Cal.App.5th at p. 960; see also *In re Jose T., supra*, 191 Cal.App.4th at pp. 1147-1148 ["The juvenile court must determine the best manner in which to facilitate the rehabilitation of the minor"]; *In re Chad S.* (1994) 30 Cal.App.4th 607, 614; Welf. & Inst. Code, § 734.) "To determine what is appropriate under a given set of circumstances, a court must review those circumstances every time the minor appears for a dispositional hearing." (*In re Ronnie P.* (1992) 10 Cal.App.4th 1079, 1088.) Juvenile courts must consider safety and protection of the public and the best interests of the minor in all deliberations. (*Ibid.*, citing Welf. & Inst. Code, § 202, subd. (d).) Violation of a juvenile court's order "cannot lead automatically to imposition of some reserved measure, but requires a complete review of the order and such amendments as the court finds 'meet and proper' under the governing statutory criteria." (*In re Ronnie P.*, at p. 1089.)

Here, the juvenile court did precisely what these authorities prohibit, it failed to conduct " 'a complete reassessment of dispositional issues in light of then-prevailing circumstances,' " and therefore constituted an omission to exercise " 'a discretion conferred and compelled by law.' " (*In re Jose T., supra*, 191 Cal.App.4th at p. 1149, quoting *In re Ronnie P., supra*, 10 Cal.App.4th at pp. 1090-1091.) The juvenile court's order "automatically" imposing the prior commitment was error. (*Jose T.*, at p. 1149.)

We remand the matter to the juvenile court to conduct a new hearing consistent with Welfare and Institutions Code section 777. (*In re Jose T., supra*, 191 Cal.App.4th at p. 1153.) We express no opinion as to the appropriate disposition but only advise the juvenile court that its disposition order "must be based upon an independent review of the dispositional issues, including the efficacy of less restrictive dispositions, the safety and protection of the public, and the best interests of the minor," although the court may also consider the minor's failure to heed the court's warning " 'as some evidence of resistance to rehabilitation.' " (*Id.* at p. 1149, fn. 5.)

6

Because we remand to the juvenile court for a new hearing, we do not address R.A.'s claim that this case did not warrant a 540-day commitment.

DISPOSITION

The juvenile court's January 28, 2025, disposition order is vacated, and the matter is remanded for a new disposition hearing to be conducted in a manner consistent with this opinion.

/s/
EARL, P. J.

We concur:

/s/
DUARTE, J.

/s/
WISEMAN, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7